LUCERNE-IN-MAINE VILLAGE CORP.

*vs.*

RUTH BENNOCH

Hancock.    Opinion, October 30, 1962.

*Everett W. Gray,*
*Frank G. Fellows,* for Plaintiff.

*Herbert T. Silsby, II,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.    This is a complaint by Lucerne-in-Maine Village Corporation against the collector of taxes of the town of Dedham for a declaratory judgment interpreting and construing the statute relating to the compensation of the defendant and to determine the amount, if any, im-

properly withheld by her. Lucerne-in-Maine is a village corporation incorporated in 1927 and comprises a portion of the town of Dedham.

Under the charter the collector of taxes of the town of Dedham collects the taxes of the plaintiff village corporation. The charter reads, insofar as is pertinent, as follows:

> "The town of Dedham shall have the same powers relative to the collection of taxes within said corporation's limits as it has in the collection of town taxes, and said collector shall have the same rights and powers to collect and recover any taxes committed to him under the provisions of this act by suit or otherwise that he has for the collection of town taxes committed to him and the town of Dedham shall have the same right to recover and collect town taxes assessed therein. The collector of the town of Dedham shall be entitled to receive the same percentage for the collection of taxes assessed under this section and the same fees in connection with the collection thereof which he receives for the collection of the town taxes; which percentage and fees shall be deducted from and paid out of the tax collected under this section."
> Private and Special Laws 1927, c. 43, § 11.

The statutes in effect in 1927 were:

R. S., 1916, Chap. 11, §§ 11, 12.

> "Sec. 11. Compensation of collectors. When towns choose collectors, they may agree what sum shall be allowed for performance of their duties."

> "Sec. 12. Fees of collector. In case of distress or commitment for non-payment of taxes, the officer shall have the same fees which sheriffs have for levying executions, . . . "

The statute on compensation applicable to the years here in controversy reads in part:

> "Sec. 61. Collector's compensation. When municipalities choose tax collectors, they may agree

what sum shall be allowed for performance of their duties. Provided, however, that if the basis of compensation agreed upon is a percentage of tax collections, such percentage shall be computed only upon the cash collections of taxes committed to him." R. S., 1954, c. 91-A.

There has been no change of significance for our purposes in Section 12, *supra*. See R. S., 1954, c. 91-A, § 100.

What is the proper method of computing the defendant's compensation for the collection of village corporation taxes? The defendant contends she is entitled to compensation in accordance with votes of the town of Dedham as follows:

1959 — 2½% but not to exceed $1,000;

1960 — 2½% plus $200 but not to exceed $900;

1961 — $200 plus 2½% but not to exceed $900.

The percentage is computed upon the cash collections.

On its part the plaintiff argues that the defendant as collector of the village corporation taxes is entitled to the percentage *in fact* received by her as collector of the town taxes.

The presiding justice correctly accepted the construction placed upon the charter by the village corporation.

In the table below we show the application of the theories to undisputed facts. The figures are approximate.

### Town taxes

| | Rate % | Plus | Total | Compensation Ceiling | % in fact |
|---|---|---|---|---|---|
| 1959 — $51,600 | 2½ | — | $1,290 | $1,000 | 1.94 |
| 1960 — 52,700 | 2½ | $200 | 1,520 | 900 | 1.709 |
| 1961 — 59,200 | 2½ | 200 | 1,680 | 900 | 1.521 |

### Village Corporation taxes

| Defendant's theory | | | | | Plaintiff's theory | |
| --- | --- | --- | --- | --- | --- | --- |
| | Rate % | Plus | Compensation | % in fact | % | Compensation |
| 1959 — $5,600 | 2½ | | $140.88 | 2.5 | 1.94 | $109.32 |
| 1960 — 9,200 | 2½ | $200 | 430.02 | 4.65 | 1.709 | 157.24 |
| 1961 — 8,600 | 2½ | 200 | 414.29 | 4.7 | 1.521 | 129.38 |
| | | | $985.19 | | | $395.94 |
| | | | —395.94 | | | |
| Difference | | | $589.25 | ($589.27 in judgment for plaintiff) | | |

The $200 fixed sums in the 1960 - 1961 votes were not, as contended by the town, "fees" under the statute, but were part of the compensation of the collector. "Fees" in the sense used are the statutory fees of the type noted in the statutes, *supra*. It is of interest to note that on the collector's theory her compensation for 1960 and 1961 was substantially less than 2% of the town taxes and over 4.5% of the village corporation taxes. Obviously the "ceiling" established by the town was designed to reduce sharply the compensation measured by the town taxes. It could not, in any reasonable view, be of the slightest assistance to the village corporation.

The Legislature did not intend that the voters of Dedham could impose a higher rate of compensation for collection of taxes in the village corporation than in the town. This, however, would clearly result from acceptance of the collector's theory.

The percentage of the village corporation tax to which the tax collector is entitled must await final settlement of collections in the town. This problem, in our view, is of little weight and may readily be solved.

In each of the years we note the town voted that the "postage and supplies" of the collector should be paid by the town. We are in accord with the views expressed by the presiding justice in entering judgment to the effect that when the town votes to furnish the collector with any expenses of collection, such as necessary postage and supplies, in addition to the compensation stated, the collector is entitled to receive his similar expenses from the village corporation.

The entry will be

*Appeal denied.*